REAGAN AND COMPANY, Appellant,

v.

Herbert A. TABOR, Appellee.

No. 5571.

Court of Civil Appeals of Texas,
Waco.

Aug. 5, 1976.

Rehearing Denied Sept. 2, 1976.

Ronald S. Schmidt, Moursund, Ball & Young, Inc., San Antonio, for appellant.

Cullen Smith, and Rex Davis, Naman, Howell, Smith & Chase, Waco, for appellees.

HALL, Justice.

Herbert A. Tabor executed a written contract with Reagan and Company in which he agreed to lease 40 pantyhose vending machines for a term of 48 months at a rental of $850.86 per month. Tabor

**576**

brought this suit against Reagan and Company and Century Marketing Corporation seeking among other remedies cancellation of the lease agreement, the return of rental paid by him under the lease, and the recovery of money damages from Century upon the theory that fraudulent acts allegedly committed by Century induced him to execute the lease. Reagan and Company filed a cross-claim for damages, pleading a breach of the lease by Tabor. After a jury trial, judgment was rendered on the verdict canceling the lease, awarding Tabor a recovery of the rental paid under the lease, and decreeing that Tabor take nothing against Century and that Reagan and Company take nothing on its cross-claim against Tabor.

Only Reagan and Company appeals. Its primary contention is that the verdict does not support the judgment rescinding the lease agreement.

The machines in question were made to be placed at motels, apartment complexes, office buildings, and other similar locations for vending pantyhose as a convenience item for public purchase through the use of coins placed in the machine by the consumer. Tabor leased the machines for this purpose. He intended to personally use and service the machines as a one-man, part-time business.

Century was the supplier of the machines, and arranged for their delivery to Tabor. There is testimony showing the machines failed to function properly in several material particulars. The jury found that at the time of the execution of the lease agreement Reagan and Company and Tabor "expected the machines to be in good condition," but that they "were not reasonably fit for the purposes for which they were leased" at the time they were delivered to Tabor. Reagan and Company does not contend these findings are not supported by the evidence nor that they conflict with other findings. Coupled with implied findings of materiality and reliance, which are supported by proof and supplied by Rule 279, Vernon's Tex.Rules Civ.Proc., these jury findings support the judgment of

rescission. This is so because one who has entered into a contract as the result of a mutual mistake of a material fact, which may include a mutual mistake as to the condition of property, may avoid the contract and recover the damages he has suffered thereby. *Simon v. Allen,* 497 S.W.2d 800, 804 (Tex.Civ.App.—Waco 1973, writ ref., n.r.e.); 38 Tex.Jur.2d 741, Mistake, § 4; 10 Tex.Jur.2d 356, Cancellation Of Instruments, § 35.

The jury failed to find that Tabor tendered the machines back to Reagan and Company "as soon as he discovered the machines were not in good condition." Reagan and Company argues this "finding" defeats a judgment for Tabor. This contention was not made in Reagan and Company's motion for new trial. It is accordingly waived. Rule 374, Vernon's Tex.Rules Civ. Proc. In any event, a party is not required to exercise his right to rescind "as soon as" he discovers grounds therefor, but only within a reasonable time. 13 Tex.Jur.2d 607, Contracts, § 338. Whether this had been done must necessarily turn on the particular facts of each case. *Super-Cold Southwest Co. v. Willis,* 219 S.W.2d 144, 148 (Tex.Civ.App.—Dallas 1949, writ ref., n.r. e.). It was Reagan and Company's burden to secure a finding that Tabor failed to seasonably act to rescind the lease. It did not do so. Rather, the record supports an implied finding that Tabor acted with reasonable diligence in this respect.

The judgment provides, "Reagan and Company is to take possession of said machines within thirty days of the date of this judgment, and upon failure to take such possession, all storage charges incurred by [Tabor] beyond that date are the liability of Reagan and Company." This adjudication is not supported by pleading or proof. Reagan and Company's complaint about it is sustained.

Some of Reagan and Company's remaining complaints become immaterial in the light of our rulings, above. The others are without merit. All are overruled.

The judgment is modified by deleting the adjudication which assesses storage charges against Reagan and Company. As modified, it is affirmed.

The costs are taxed against Reagan and Company.